UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND CRINER, and ) | | |
| RENE HILL CRINER, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 4:09CV0237 AGF | |
| ) | | |
| REGINALD WHITE, GRANE TRUCK ) | | |
| LEASING CORP., GRANE ) | | |
| TRANSPORTATION LINES, LTD., and ) | | |
| DDS PERSONNEL, LLC. ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on Plaintiffs' motion to enforce the settlement agreement entered into by the parties in this case. [Doc. #63]. A hearing was held on the motion on March 8, 2010, at which counsel for both sides presented their positions. No testimony or additional evidence was offered.

This diversity removal action arises out of a motor vehicle accident between a car driven by Raymond Criner and a truck driven by Reginald White, who was an employee of Grane Truck Leasing Corp. At this point in the proceeding, the damages claims of Raymond Criner and his spouse Rene Hill Criner for physical injuries and loss of consortium, respectively, remain pending against four Defendants -- White, Grane Truck Leasing Corp., Grane Transportation Lines, Ltd., and DDS Personnel, LLC.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

On January 15, 2010, the parties entered into a Mediated Settlement Agreement ("MSA") of the claims of both Raymond Criner and Rene Criner. The MSA stated that the case was settled for certain dollar amounts as to each Plaintiff, and further that Plaintiffs were " responsible for all liens." Defendants then sent Plaintiffs two proposed releases, one relating to each Plaintiff, which purportedly encompassed the terms of the agreement reached by the parties.

Plaintiffs filed the present motion to enforce the settlement agreement, arguing that the Defendants' proposed releases contain additional terms outside the scope of the MSA that are unacceptable to Plaintiffs. At the hearing, the parties came to an agreement with respect to the paragraphs in the proposed releases requiring that Plaintiffs indemnify and hold harmless Defendants with respect to future liens related to medical costs, agreeing to include paragraphs 8, 10 and 12 in Raymond Criner's release document (Doc. #63-4), and retain paragraph 8 but delete paragraph 10 in Rene Criner's release document (Doc. #63-3). Plaintiffs continued to take issue with multiple paragraphs of the releases relating to potential future Medicare liens.

This Court has the inherent power to enforce a settlement agreement entered into by the parties in a pending case. Settlement agreements are favored by the courts. Caleshu v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 737 F. Supp. 1070, 1086 (E.D. Mo. 1990), aff'd, 985 F.2d 564 (8th Cir. 1991). Settlement agreements are governed by "basic contract principles." Sheng v. Starkey Labs., Inc., 117 F.3d 1081, 1083 (8th Cir. 1997).

Here, the parties do not contend that matters related to Medicare or compliance with Medicare regulations were discussed in connection with reaching the settlement agreement, and the Court finds that the provisions in the proposed release by Raymond Criner in paragraphs 13-17 exceed the scope of the MSA between the parties. Accordingly, upon review of the record and counsels' arguments at the hearing, and as set forth by the Court on the record at the hearing,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to enforce the settlement agreement (Doc. #63) is **GRANTED** in part and **DENIED** in part as follows:

(1) Paragraph 8 in each release, and Paragraphs 10 and 12 in the release as to Raymond Criner shall remain;

(2) Paragraph 10 in the release as to Rene Criner shall be stricken;

(3) Paragraphs 13, 14, 15, 16, and 17 in the release as to Raymond Criner shall be stricken.

**IT IS FURTHER ORDERED** that Defendants may send a certified letter to Plaintiffs' counsel indicating that Defendants gave Plaintiffs notice of Defendants' understanding of Plaintiffs' Medicare rights and obligations; and before signing the releases, Defendants may require Plaintiffs' counsel to acknowledge in writing that he received said letter and would assure receipt by Plaintiffs.

**IT IS FURTHER ORDERED** that on or before March 30, 2010, Plaintiffs shall file dismissal papers dismissing the case. Failure to comply may result in the dismissal of

the case, with prejudice, by the Court.

                                                                  /s/ Audrey G. Fleissig
                                                                   AUDREY G. FLEISSIG
                                                                   UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of March, 2010.